Fecteau, J.
This is an action commenced on October 12, 2001, by the District Attorney for the Middle District on behalf of the plaintiff seeking a commitment of the defendant under the provisions of G.L.c. 123A, §12. An order was entered, under Section 12(e) of said statute, for the temporary commitment of the defendant at the Massachusetts Treatment Center pending hearing and determination of probable cause under the provisions of c. 123A, §12(c). Counsel was appointed for the defendant and the case was thereafter scheduled for a hearing to determine whether probable cause exists to believe that the defendant is a sexually dangerous person.
On May 8, 2002, an evidentiary hearing was conducted before me, at which the defendant was present and represented by counsel. Credible testimony, including opinion testimony, was given by Frederic Krell, Ph.D., a licensed psychologist and a “qualified examiner,” as defined in G.L.c. 123A, §1; in addition, documents were received into evidence for purposes of this hearing.
During the course of the evidence, it became known that the defendant, on or about October 25, 1993, received a sentence of 9 to 15 years to the state prison on four counts of rape of child, following a plea of guilt entered on September 30, 1993.[1] In addition, he received a concurrent sentence of 9 to 10 years on ten counts of indecent assault and battery on a child under 14 years of age. Furthermore, counsel reported that the defendant was yet to have been granted release on parole, nor had the Commonwealth actually received an official notice, under the provisions of G.L.c. 123A, §12(a), from the agency, here, the Department of Correction, with jurisdiction over the defendant, “six months prior to the release of the defendant,” or, in other words, the department had not yet given notice that this defendant was within six *631 months of his release date. Upon this fact becoming apparent, the court inquired of counsel as to the purpose of these proceedings. Counsel for the Commonwealth responded that the Department of Correction made inquiry of him as to whether the defendant would likely meet the criteria for determination as a sexually dangerous person. In effect, the Department of Correction and the District Attorney are seeking, by this petition, either a preemptive commitment or an advisory opinion as to whether the defendant meets the criteria for determination as a sexually dangerous person, perhaps as an aid to the parole board.
As well intentioned the purposes of the department or the District Attorney may be, and as helpful as court determination of these issues may be at a stage well before the commencement of the six-month window at the end of an inmate’s sentence, such use of the procedures under the governing statute is not permitted by the statute nor were they so intended. Otherwise, there would be no reason to wait in any case involving a sexual offense following conviction and sentence and would amount to procedures similar to those allowable under the predecessor statute that was repealed in 1990. [2] Until the District Attorney or the Attorney General receives the prerequisite notice under Section 12(a) of c. 123A from the Department of Correction, the case is not ripe for the filing of such a petition. Therefore, and for the foregoing reasons, the Commonwealth’s petition is ordered dismissed. 
In the event that this court’s action, as stated above, is altered on appeal, and the Commonwealth’s petition reinstated, and given a preference inferred from decisions of the Single Justice Session of the Appeals Court[3] that the trial court make alternative findings upon the merits of the controversy if prepared and presented, and upon consideration of the evidence and the arguments of the parties, I find, applying the “directed verdict” standard as engrafted and explained by the cases of Commonwealth v. Bruno, 432 Mass. 489, 509-10 (2000), and Commonwealth v. Blanchette, 54 Mass.App.Ct. 165 (2002), that there is probable cause to believe that the defendant is a sexually dangerous person, as defined by G.L.c. 123A, §1, to wit, that he is a person who has been convicted of one or more sexual offenses and who is presently suffering from a mental abnormality which makes him likely to engage in sexual offenses if not confined to a secure facility. I find that “the Commonwealth’s admissible evidence, if believed, satisfies] all of the elements of proof necessary to prove the Commonwealth’s case” and that “the evidence on each of the elements is not so incredible, insubstantial, or otherwise of such a quality that no reasonable person could rely on it to conclude that the Commonwealth had met its burden of proof.” Blanchette, supra, at 175.
Consequently, should this court’s dismissal of the Commonwealth’s petition be reversed on appeal, and the petition be ordered reinstated, the Commonwealth has sustained its burden at this stage of the proceedings to warrant a commitment of the defendant to the Massachusetts Treatment Center, under the provisions of G.L.c. 123A, §13, for a period not to exceed 60 days for the purpose of examination and diagnosis under the supervision of two qualified examiners who shall, no later than 15 days prior to the expiration of said period, file with the clerk a written report of the examination and diagnosis and their recommendation of the disposition of the defendant. Upon commitment, the clerk shall forward to the Treatment Center, for the use by the examiners, the petition and exhibits hereto.
Following the filing of the reports of the qualified examiners, the Commonwealth, if it intends to move for trial on its petition, is to file its motion for trial, not more than 59 days following the entry of the order of commitment after a finding of probable cause.
ORDER FOR JUDGMENT
For the foregoing reasons, the Commonwealth’s petition is ordered dismissed. The order of dismissal shall be stayed, however, until May 24, 2002.

 Notwithstanding that this sentence pre-dated the advent of “truth in sentencing” and that parole eligibility under the sentencing and parole laws applicable at that time allowed for consideration after having served two-thirds of the minimum sentence, which, for the defendant herein would make him likely eligible for parole at some time during 1999, he has not yet been granted parole or obtained a release date short of serving his entire sentence, less statutory good time deductions.

 See c. 150, §304 of the Acts and Resolves of 1990, which repealed, among others, G.L.c. 123A, §6, the governing statute concerning new commitments to the Treatment Center.

 See Commonwealth v. Gonzalez, No. 02-J-0031.